UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY AUGUSTIN,

                      Plaintiff,

      -against-

WESTCHESTER COUNTY, *et al.*,

                      Defendants.

19-CV-8558 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated at the Schuylkill Federal Correctional Institution, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants used excessive force and denied him medical attention. By order dated October 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

**A.    Service on Schrader, Cardillo and Muriel**

      On September 15, 2021, Plaintiff was granted leave to file a Third Amended Complaint ("TAC") adding Defendants Kyle Schrader, Dean Cardillo and Joseph Muriel. (ECF No. 113.) He filed the TAC on November 1, 2021. (ECF No. 121.) Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Kyle Schrader, Dean Cardillo and Joseph Muriel through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. The service address for each of these Defendants is:

**Westchester County Jail, 10 Woods Road, Valhalla, NY 10595.**

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Service on Pabon**

Defendant Maria Pabon was named in Plaintiff's Amended Complaint, (ECF No. 24 ("AC")), but omitted from his Second Amended Complaint, (ECF No. 64 ("SAC").) She is again named in the TAC. Although Plaintiff never sought or obtained leave to re-name her as a Defendant, I will permit him to do so in light of his *pro* se status. The claim against her in the

TAC is the same as it was in the AC, and her omission from the SAC appears to have been an oversight. Because Defendant Pabon was previously represented by Paul Sanders, Esq., who remains in the case as counsel for other Defendants, I will assume that Mr. Sanders will accept service of the TAC on Defendant Pabon's behalf via the TAC's filing on the ECF system. If Defendant Pabon does not wish to accept service in that fashion, Mr. Sanders shall so notify the Court no later than November 8, 2021.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Kyle Schrader, Dean Cardillo and Joseph Muriel and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 1, 2021
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. Kyle Scharder
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

2. C.O. Dean Cardillo
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595

3. C.O. Joseph Muriel
   Westchester County Jail
   10 Woods Road
   Valhalla, NY 10595